First case up this afternoon is 416-0442, People v. Bedrick-Gaines. For the appellant is Catherine Oberer. Is that pronounced correctly? Yes, sir. Lucky guess. And for the athlete, David Manchin. Ms. Oberer, you may proceed. Thank you. May it please the court. Counsel. My name is Catherine Oberer, and I'm with the Office of the State Appellate Defender, and I represent Mr. Bedrick-Gaines. Today I plan to focus on the first issue in Mr. Gaines' brief, asking this court to reduce his conviction to simple robbery and to remand for resentencing, the remedy that the Illinois Supreme Court ordered in People v. Clark. Now, the reason that a remedy, this specific remedy, is required in this case is because the way that the trial court interpreted the verdict to enter a conviction for armed robbery and to order a sentence of 12 years caused tension between three foundational legal principles. First, a defendant cannot be convicted of an offense if the state fails to prove every element of that offense beyond a reasonable doubt. Second, a defendant cannot be sentenced for an offense for which he was never charged. And third, in Illinois, inconsistent verdicts must stand. Dealing with the first legal principle, the acquittal principle, in this case we have a situation where the state specifically asked the trial court to instruct the jury that it needed to find on a separate verdict form whether Mr. Gaines or someone for whose conduct he was legally responsible was, quote, armed with a firearm. That is an element of the charge of armed robbery with a firearm, the only charge that he faced. And the jury specifically and unanimously found that that allegation, that element, was, quote, not proven. Therefore, Mr. Gaines must have been acquitted of the offense of armed robbery with a firearm. Why must he have been acquitted? I thought they found him guilty of the armed robbery. They specifically found that in elements of the only charge that he faced, armed robbery with a firearm, that that firearm element was, quote, not proven. But first they found him guilty of armed robbery, right? Well, they returned their verdict once, simultaneously, together. But didn't the instructions say you must first find the elements of armed robbery? If you find, then, and in fact they even asked a question about it, and they got an instruction which informed them, there's one charge, you need to address the charge first, then you get to the question. That is how the instructions read. When the jury asked specifically, they were confused because they were essentially asked to find the firearm element twice. And so when the jury was sent back, the court told them to look at all of the instructions and look at both verdict forms. And they then simultaneously sent back a verdict form that said that Mr. Gaines was, quote, guilty of, quote, armed robbery. And then on the second verdict form, they simultaneously found that that firearm element was, quote, not proven. So we have a guilty verdict, right? On something. In this case, that would be a guilty verdict only on simple robbery. They didn't find him guilty of the armed robbery. They didn't sign a verdict that said he was guilty of armed robbery? They signed a verdict form that said he was, quote, guilty of armed robbery. Okay. So we have a guilty verdict. Correct. Armed robbery, right? And then we have an inconsistent answer to a special interrogatory. That is not entirely correct, Your Honor. Okay. In this case, the special interrogatory wasn't actually an interrogatory. Typically, that sentencing, that specific verdict form, as the model IPIs instruct, are to be used for sentencing enhancements. Things that are not elements of an offense. And here, that second verdict form that was submitted was asking the jury to make a specific, unanimous finding as to whether an element of the only charge before it was proven. And they specifically found that that element was not proven. And when looking at a situation specifically like this, Illinois scholar William Lefebvre said that a jury's specific finding on an element of the only charge before it, specific finding that that element is not proven, is treated as an acquittal. So you're saying that the language in People v. Reed, a guilty verdict cannot be challenged based on an inconsistent answer to a special interrogatory, absent a statute providing such, just doesn't apply. It's distinguishable in this case because in Reed there was a true special interrogatory asking the jury to find whether a firearm was used. And in Reed, the charge before the jury was a charge of first-degree murder, and use of a firearm was not specifically an element of the charge of first-degree murder. So we have that distinction here because there was a finding on an element of a charge and not a finding on a proper special interrogatory. What about People v. Jones telling us that defendants in Illinois can no longer challenge convictions on the sole basis that they are legally inconsistent with acquittals on other charges? Well, the distinction between this case and Jones is that Jones involves two separate charges. So if you have a guilty verdict on one charge where there is, again, a guilty verdict on one charge and a not guilty verdict on the other, they both must stand. What's different in this case is there is an inconsistency between one element finding on one charge. So Jones says that you have to give basically some sort of effect to both of these findings. And this is a unique situation in Illinois. Again, William LaFave addressed this specific question, but Jones dealt with a different scenario. There were different charges. And so that's a distinction. And the way it's trying to sort of figure out this puzzle where you have an inconsistency on an element of the only charge before the verdict, excuse me, before the jury, Jones requires that both of those findings be given some sort of effect. That's not really true because they first have to find him guilty of armed robbery. That's specifically what the instructions tell them. Well, they reversed it. Again, they returned their entire verdict simultaneously. I'm not talking time-wise. We're to assume that the jury reads the instructions, right? Correct, unless there is some sort of indication otherwise, which makes it unclear here because they specifically found on that second verdict form that that firearm element, when it was isolated by itself, was not proven. After having found that he was guilty, they found all of the elements necessary for armed robbery. Well, that's not entirely clear in this case because if they would have, again, if we assume they're following the instructions, the verdict form would have said guilty and not proven. And that's, excuse me, guilty and proven because they were asked to find that firearm element twice. And when that firearm element was isolated, they specifically found that it was not proven. So, again, our position would be that in order to give both of those findings some effect, as the Jones Court requires under the Illinois Inconsistency Rule, the only way to give effect to both findings would be to reduce to a conviction on armed robbery, or excuse me, to a conviction on simple robbery, which would be a lesser included offense of the charge of armed robbery, and then acquittal on the charge of armed robbery with a firearm. And that brings me to one of the other points in the first issue. Here we have a situation where Mr. Gaines was sentenced as if he was convicted of the charge of armed robbery with a dangerous weapon. And the Clark Court makes clear that it is improper to sentence someone for a conviction of armed robbery with a dangerous weapon when they are charged only with armed robbery with a firearm, because armed robbery with a dangerous weapon is not a lesser included offense of the charge of armed robbery with a firearm. Here, Mr. Gaines was charged and prosecuted only for the charge of armed robbery with a firearm. However, the jury found that that firearm element was not proven, and so Clark makes it clear that it's plain error to sentence him as if he were convicted of armed robbery with a dangerous weapon when he never had notice of that charge and that it is not a lesser included. The first thing I thought of when I read this was that the jury recognized or felt that your client was kind of a mope and the other guy was the real bad actor. And that while he was accountable for that behavior, he's already going to get hammered for the armed robbery. Why hammer him with the enhancement? In other words, without even understanding the niceties of the law or the nuances of the law, it's lenity. Viscerally, I thought that. I'm not suggesting that your argument is wrong, but we're interested in what the jury's true intent was. I think Judge Jarman gave the point. You don't even think about the interrogatory unless you first find him guilty of armed robbery. So that's the first thing on the jury's mind. We think he's guilty of armed robbery. Well, it's possible. I guess a couple points to respond to that. It's true that the evidence was that the co-defendant was the person who was armed and not Mr. Gaines. There was no one who said at any time that he was the person who had a gun. The People's Court, which the state mentions and which I mentioned, says that you're not supposed to speculate exactly what the jury was thinking. What you're supposed to do under Jones, under Powell, is look at these two verdicts, give them both some sort of effect, and the only way to do that is to reduce the charge to simple robbery. Because you can't just go ahead and enter the charge of armed robbery with a firearm when the jury specifically found that the firearm element was not proven. That would be improperly, under Jones, giving effect only to the portion of the verdict that's favorable to the state. And you can't just ignore the first verdict finding that he was guilty of armed robbery and rely only on the second enhancement, as occurred in Barnett, because that would be giving weight only to the portion of the verdict that's favorable to Mr. Gaines. You have to give both of them some sort of effect without introducing this new charge that Mr. Gaines never had notice of, so that, as in Clark, would require the court to reduce the charge to simple robbery. If your honors have no further questions, Mr. Gaines would ask this court to reduce his conviction to simple robbery and to remand for resentencing. Thank you, counsel. Mr. Manchin. Good afternoon, your honors. May it please the court. Counsel. Counsel. This case is the typical inconsistent verdict situation, with the defendant making inconsistent claims on appeal. In original brief, the position was that the conviction had to be reduced because there was an inconsistency between the trial jury's finding that the defendant both had a gun and that he did not have a gun. In the reply brief, and again today, the argument is now that the jury never found that the defendant had a gun, and therefore it has to be reduced to robbery. The problem with that is exactly what you've noticed, Judge DeArmond. The only way the jury could find the defendant guilty of armed robbery, as instructed, was to find beyond a reasonable doubt that the defendant, or one for whom he was responsible, used a firearm. So to find him guilty of armed robbery, the jury had to find that there was a gun. Then you get to the inconsistent question, and it's not a verdict form, and it's not a verdict. It's an interrogatory, basically, that says, no, we do not find that the gun was used. So we have the basic inconsistency. One, a finding that the defendant, or one for whom he was accountable, had a gun, and a simultaneous finding, no, the defendant, or the one for whom he was responsible, did not have a gun. Under Jones and Reed and Alexander and Peoples, that kind of inconsistent verdict just simply cannot be used to challenge the verdict. These were instructions submitted by the state? Yes, they were. Why? Well, it seems to be the trend that whenever a charge, a sentencing enhancement, involves an additional element. And I think that the state's attorney is wrong in using it, and should only use the introverty if it's a question of, actually, the defendant personally used the gun, or the defendant personally fired the gun, rather than this situation where the gun is inherent in the offense, and you get slammed a second time for using a gun under the mandatory enhancement for use of a gun. I think that the use of the instruction was wrong, and the proper thing to have done here was to send it back, with instructions saying, your verdict in answer to this inquiry is inconsistent, please reconsider. Well, if you were the prosecutor in this case, what instructions would you have submitted to the court for submission to the jury? I would have left out the interrogatory, because the finding of the presence of a gun would have been inherent in the verdict for guilty of armed robbery with a gun. So what sentence, leaving out the interrogatory, and assuming it's just the guilty verdict on the charge, what was it, armed robbery with a? Firearm. Firearm. What would be the sentencing range available? There would be a mandatory and an add-on of 15 years to the range. So this is a Class X with a mandatory 15 year? Yes. So a minimum of 21 years? Yes. And the prosecutor submitted this interrogatory for what, do we know? The record does not show. Like I said, it's a problem that seems to be arising after the apprendee and the saying that you have to find anything that's, you have to have a specific finding beyond a reasonable doubt as anything excess for the sentencing enhancement, so that's. Was there any discussion in the record with the judge about why do you want to do this? And whether the judge thought it was appropriate when it was first submitted? No, there was not. And it was one where there was, I think, if I recall, both the state and the defendant requested this particular interrogatory. They both did? That's my recollection, yes. So had the jury come back and said guilty and yes, answer the interrogatory positively, the potential sentencing range would have been the same? If the jury had answered yes, the sentencing range would have been the. . . That's correct. That the problem could have been solved in either two ways, either not giving the interrogatory under this type of situation or sending the jury back with instructions saying your verdicts are inconsistent, please look at it again. So the armed robbery instruction says don't consider this special interrogatory until unless you've first found the guilty of armed robbery? The instructions were to find armed robbery, you had to find that there's a robbery and that the defendant or one for whom he was responsible committed it using a gun or had a gun. Well, what instructions did the jury get regarding when they should consider the special interrogatory? In the first instructions they're told you consider the second question only after you have found the defendant guilty of armed robbery. If you do not find him guilty of armed robbery, then they ask a question and they're told if I have to find him, there's only one crime of armed robbery. If you find him not guilty of armed robbery, you do not have to answer the second question. You answer that second question only if you find him guilty of armed robbery and the only way they could find him guilty of armed robbery was to find that there was a gun. So Mr. Manchin, assuming you're right and I figure you are, that we have prosecutors doing this when it doesn't make much sense, how is your office going to get this word out to prosecutors statewide to, I think the legal phrase is stop already? I'll talk to Mr. Robinson about getting a memo sent to all the state's attorneys that hey, if the charge includes a weapon and there's no claim of discharge or injury with the weapon, don't add the special interrogatory. If the charge is the same as the special interrogatory, don't be using special interrogatory. Yeah, correct. And prior to Castleberry, the remedy would be to send it back to, because let's say the trial court was wrong in imposing the sentence as just a dangerous weapon, but you can't. There's no void sentence rule. So in this case, both the defendant wins in that he gets less than the 21 years he was entitled to and the state loses because they don't get the full amount that they should have been getting. But the defendant below, under this case law, the defendant simply cannot challenge his armed robbery conviction with a weapon, with a firearm based upon the inconsistent verdict. That's the bottom line. The decision is the state of Illinois has abandoned the old notion about these verdicts are legally inconsistent, logically inconsistent, and therefore. In Jones, the Supreme Court said, period, a defendant may no longer challenge a verdict on the basis of inconsistent verdicts, period. And that rule has been applied in the cases cited in my brief, but this court can read, where it said that the special interrogatory should be used just for what it's intended, which is namely the sentencing enhancement rather than for the verdict itself. I submit that the defendant's conviction and sentence should stand. Okay, thank you. Ms. Obrador, any rebuttal? Yes, sir. Go ahead. Again, I have two quick points on rebuttal. First is to clarify that both under Section 18-2, the armed robbery offense in the statute and the criminal code, and under the model IPIs, this second set of verdict forms, this second instruction, should not have been given. So it's not, if this is something that's happening in other cases. Court is to mention, not only was there no objection, but the defendant joined in the giving of it. I did want to address that, Your Honor. I'm not aware of any page in the record, it was not pointed to in the state's brief, where the defendant specifically requested this instruction. It was something that the state specifically requested, and that it is not to be requested at all under the criminal code for the armed robbery charge, which specifically makes use of a firearm an element of the offense, and under IPIs. It's not an instruction that should be used for this offense. But I think that the record does indicate that it was without objection by the defendant. That is true, which is why, in our brief, we argued that this would be second-pronged plain error, because of the problems with sort of mix-and-matching these convictions and types of armed robbery, which are discussed extensively in the People v. Clark case. And the final point I did want to make is that the state suggests that as it is, that Mr. Gaines got some sort of benefit, and the state got some sort of benefit, with the way the sentencing was entered. And the Clark court makes it clear that you can't have this sort of mix-and-match ad hoc justice, where these specific sentences and convictions don't matter. You can't just sentence someone for a conviction of armed robbery with a dangerous weapon, which is not a lesser included if you're not charged with the crime of armed robbery with a dangerous weapon. And so if there are no further questions. I appreciate your advocacy. Sorry you have to come all the way from Chicago. Oh, that's all right. Thank you for hosting me two weeks in a row. Thank you. We'll be in recess.